# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID YORK,<br><br>                Plaintiff,<br><br>     v.<br><br>UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION, et al.<br><br>                Defendants. | Case No. 3:22-cv-00131-SLG |

**ORDER RE MOTION TO SEAL CASE OR PROCEED UNDER A PSEUDONYM**

Before the Court at Docket 12 is *pro se* Plaintiff David York's Motion to Seal Case, or Alternatively, Proceed Under a Pseudonym.

## I. Background

On May 24, 2022, Mr. York filed a *pro se* 153-page complaint alleging various constitutional and civil rights violations by Defendants.[1] After filing the complaint, Mr. York filed five motions and several notices.[2] On June 22, 2022, Mr. York filed a document entitled "Notice to the Court Withdrawal of Complaint Withdrawal of Motions."[3] Mr. York asserted that at the times he filed the complaint

---

[1] Defendants in this case are listed by Mr. York as "unknown named agents of the Federal Bureau of Investigation, Alaska Department of Law, Alaska State Troopers, Anchorage Police Department, Fairbanks Police Department, [and] Alaska Bar Association." Docket 1 at 1.

[2] Dockets 2, 4, 5, 6, 7, 8, and 10.

[3] Docket 11.

and motions, "he was suffering from an acute episode of schizophrenia" and sought to withdraw the complaint and previous motions.[4] Mr. York acknowledges that his complaint "contains no real facts or controversies" and instead "alleged outrageous persecutorial hallucinations."[5] Based on the Notice, the Court withdrew the complaint and motions and dismissed the case.[6]

In the instant motion, Mr. York seeks to have the entire court file sealed or, in the alternative, to allow him to proceed under a pseudonym. Mr. York asserts that this "is the rare instance when it is appropriate to seal an entire federal case" and seeks to have this case sealed or to have his name replaced with a pseudonym because "[t]he entire file is essentially sensitive medical information. Its publication causes stigma and illegal discrimination."[7] Mr. York maintains that the case file should be sealed or his name should be removed for two reasons: First, because otherwise potential employers, landlords, friends, and girlfriends will be able to access public information about this case, which in turn will reveal that he has schizophrenia and result in discrimination.[8] Second, because Mr. York's

---

[4] Docket 11 at 1.

[5] Docket 13 at 1–2.

[6] Docket 14.

[7] Docket 13 at 2.

[8] Docket 13 at 3–4 ("Almost without exception, as soon as a potential employer, potential business associate, potential landlord, potential friend, or potential girlfriend google searched the plaintiff's name they terminate there [sic] relationship with the plaintiff as quickly as possible.").

Case No. 3:22-cv-00131-SLG, *York v. Unknown Agents of the FBI, et al.*
Order Re Motion to Seal Case or Proceed Under a Pseudonym
Page 2 of 9
Case 3:22-cv-00131-SLG   Document 15   Filed 07/26/22   Page 2 of 9

own filings imply that he has been accused by the State of Alaska of committing sexual assault crimes, which he has never been accused of committing, and the case file "could lead individuals to fear the plaintiff was a criminal without any basis in fact whatsoever."

## II. Applicable law

### a. Sealing court records

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[9] Accordingly, there is a strong presumption in favor of public access to court records.[10] "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must 'articulate compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'"[11] Notably, "[t]he mere fact that the production of records may lead to a

---

[9] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[10] *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The exceptions to the "strong presumption" are for court records that have "traditionally been kept secret for important policy reasons," which are grand jury transcripts and warrant materials during pre-trial investigations. *Id.* (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1980)). Neither of these traditionally secret categories of materials are at issue here.

[11] *Id.* (cleaned up) (quoting *Foltz*, 331 F.3d at 1135, and *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Case No. 3:22-cv-00131-SLG, *York v. Unknown Agents of the FBI, et al.*
Order Re Motion to Seal Case or Proceed Under a Pseudonym
Page 3 of 9
Case 3:22-cv-00131-SLG   Document 15   Filed 07/26/22   Page 3 of 9

litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."[12]

In determining whether to seal a record, "the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret."[13] This is because "the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default."[14] "[I]f the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'"[15]

### b. Allowing the use of a pseudonym

Rule 10 of Federal Civil Procedure addresses the form of pleadings and mandates that the "title of the complaint must name all the parties" and pleadings and thereafter, may name "the first party on each side" and then "refer generally to other parties." Further, Local Civil Rule 7.5(b) requires that the first page of each

---

"Compelling reasons" is a higher standard that "good cause." *Id.* at 1180. The "compelling reasons" standard applies to complaints "precisely because the complaint forms the foundations of the lawsuit." *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021).

[12] *Id.* at 1178 (citing *Foltz*, 331 F.3d at 1136).

[13] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[14] *Id.* at 1180.

[15] *Id.* at 1178 (quoting *Hagestad*, 49 F.3d at 1434).

Case No. 3:22-cv-00131-SLG, *York v. Unknown Agents of the FBI, et al.*
Order Re Motion to Seal Case or Proceed Under a Pseudonym
Page 4 of 9

document filed with the Court contains the party's name and address. Neither rule contemplates the filing of anonymous civil suits.

Beyond the rules of civil litigation, "the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity."[16] However, the Ninth Circuit does permit a narrow and limited exception for civil actions to proceed with anonymous parties: "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."[17] When a party requests anonymity because of the threat of retaliation, a court must evaluate "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation."[18] Additionally, an evaluating court must determine the prejudice to the opposing party at each stage of litigation and how to structure proceedings to mitigate that prejudice. Lastly, a court must decide if "the public's interest in the case would be best served by requiring that the litigants reveal their identities."

---

[16] *United States v. Doe* (*Doe I*), 488 F.3d 1154, 1156 n.1 (9th Cir. 2007).

[17] *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

[18] *Id.*

Case No. 3:22-cv-00131-SLG, *York v. Unknown Agents of the FBI, et al.*
Order Re Motion to Seal Case or Proceed Under a Pseudonym
Page 5 of 9
Case 3:22-cv-00131-SLG   Document 15   Filed 07/26/22   Page 5 of 9

## III. Analyses

### a. The Court will not seal the court records in this case.

The Court finds that Mr. York has not overcome the strong presumption in favor of public access to court records. Mr. York primarily relies on his assertions that public access to the court record in this case will lead to embarrassment and possibly discrimination. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."[19] Mr. York's reason for sealing the case—to avoid embarrassment and potential discrimination—is not compelling, particularly because similar information about Mr. York has been a matter of public record since at least 2014.[20] Mr. York has previously filed similar frivolous civil rights cases in Corpus Christi, Texas,[21] the Alaska state courts,[22] and this Court[23] due to his schizophrenia.[24] Also, according to Mr. York, internet search results make it "obvious the plaintiff has been plagued

---

[19] *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1136).

[20] *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) ("The only reasons provided for sealing the records—to avoid embarrassment or annoyance to Kontrabecki and to prevent an undue burden on his professional endeavors—are not 'compelling,' particularly because the proceedings had been a matter of public record since at least 2004.").

[21] Case No. 2:14-cv-00033 (S.D. Tex. 2014).

[22] Case Nos. 3AN-17-06691CI, 3AN-17-06692CI, 3AN-17-006693CI, and 3AN-17-06694CI (2017)

[23] Case Nos. 3:17-cv-00089-SLG (2017) and 4:18-cr-00004-RRB (2018).

[24] Docket 13 at 3.

Case No. 3:22-cv-00131-SLG, *York v. Unknown Agents of the FBI, et al.*
Order Re Motion to Seal Case or Proceed Under a Pseudonym
Page 6 of 9
Case 3:22-cv-00131-SLG   Document 15   Filed 07/26/22   Page 6 of 9

by severe schizophrenia for years."[25]  Sealing the court records in this case will not alter the information about Mr. York that is readily available to the public.

Mr. York also cites to numerous cases for the premise that the need to protect medical privacy is a compelling reason for sealing court records.  Mr. York contends that "[v]irtually the whole case file is medical information" or "sensitive medical information."  The Court has reviewed the entire court record, and contrary to Mr. York's assertion, it contains almost no medical information aside from scattered references to his mental health or time in psychiatric care.  Instead, what it contains are statements and allegations of Mr. York—which he acknowledges are false—made while he was suffering a schizophrenic episode.  These are not the same as medical information.

Although the Court is sympathetic to Mr. York's position, Mr. York has not articulated compelling reasons supported by specific facts that outweigh the public's interest in access to court records.

### b. The Court will not allow Mr. York to proceed under a pseudonym.

The Court has considered the factors set forth in *Advanced Textile Corp.* Due to the preexisting public information available about Mr. York's mental health, and the fact that he has repeatedly filed similar frivolous lawsuits, the threatened harm in the absence of anonymity is not particularly severe.  Although Mr. York's

---

[25] Docket 13 at 3–4.

Case No. 3:22-cv-00131-SLG, *York v. Unknown Agents of the FBI, et al.*
Order Re Motion to Seal Case or Proceed Under a Pseudonym
Page 7 of 9

Case 3:22-cv-00131-SLG   Document 15   Filed 07/26/22   Page 7 of 9

concerns are not unreasonable, he has not provided the Court with any concrete examples of how he has actually been discriminated against—only that he is concerned with being discriminated against or believes it has happened. Similarly, Mr. York has not explained how he is vulnerable to any perceived or anticipated retaliation. Moreover, Mr. York does not appear to fear retaliation from the defendants (F.B.I. agents), but only from other third parties such as employers, landlords, or girlfriends.

Mr. York's stated reasons for needing anonymity are (1) his need for "medical privacy" as to his schizophrenia, (2) because "schizophrenia carries a strong social stigma", (3) because "when he is acute with schizophrenia he is a 'vulnerable adult,'" and (4) because he "has suffered grotesque psychological injuries by publication" of the previous frivolous lawsuits he has filed.[26] This is not a case where Mr. York is raising viable claims—he admits that his complaint is untrue and frivolous. Thus, it is not a case where Mr. York is legitimately attempting to have rights upheld or seeking recovery for an injury, where forcing him to proceed under his true name might hamper his desire to proceed in court. Instead, it is one of several frivolous cases in which Mr. York now regrets his court filings and seeks to erase them from the public record.

---

[26] Docket 13 at 25–27.

Case No. 3:22-cv-00131-SLG, *York v. Unknown Agents of the FBI, et al.*
Order Re Motion to Seal Case or Proceed Under a Pseudonym
Page 8 of 9
Case 3:22-cv-00131-SLG   Document 15   Filed 07/26/22   Page 8 of 9

The Court finds that Mr. York's asserted need for anonymity is outweighed by the presumption that parties' identities are public information and the right of the named defendants to have the plaintiff named, particularly in light of the allegations Mr. York made against them in his complaint.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 12 is DENIED.

DATED this 26th day of July, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00131-SLG, *York v. Unknown Agents of the FBI, et al.*
Order Re Motion to Seal Case or Proceed Under a Pseudonym
Page 9 of 9

Case 3:22-cv-00131-SLG   Document 15   Filed 07/26/22   Page 9 of 9